IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | Case No. 08-35653 (KRH) |
| CIRCUIT CITY STORES, INC., *et al.,* ) | Chapter 11 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| ALFRED H. SIEGEL, as Trustee of the Circuit ) | |
| City Stores, Inc. Liquidating Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 10-03715-KRH |
| ) | |
| MORRIS PUBLISHING GROUP, LLC ) | |
| d/b/a The Florida Times-Union, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW Defendant Morris Publishing Group, LLC, by and through counsel, in

Answer to the Liquidating Trustee's Complaint to Avoid and Recover Preferential Transfers and

Objection to Claim Nos. 1074 and 5904, states as follows:

---

Troy Savenko, Esq. (Va. Bar No. 44516 )
GREGORY KAPLAN, PLC
7 East Second Street
P.O. Box 2470
Richmond, VA 23224
Telephone: (804) 423-7921
Facsimile:   (804) 230-0024

and

Charles M. Allen, Esq. (VA Bar No. 30183)
William F. Demarest III, Esq. (VA Bar No. 78428)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Telephone: (804) 346-0600
Facsimile:   (804) 346-5954

*Counsel for Morris Publishing Group, LLC*

## NATURE OF THE ACTION

1. Paragraph 1 constitutes the Trustee's representation regarding the nature of this action for which no response is required. To the extent a response is required, Defendant admits that the paragraph is a fair representation of the nature of this action.

## THE PARTIES

2. Paragraph 2 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny. Therefore, the allegations of Paragraph 2 are denied and Defendant demands strict proof thereof.

3. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 3. Therefore, Defendant denies those allegations and demands strict proof thereof.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Paragraph 7 constitutes the Trustee's legal conclusion for which no response is required. To the extent a response is required, Defendant does not challenge venue in this Court.

8. Paragraph 8 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 8 are denied and Defendant demands strict proof thereof.

## PERTINENT FACTS

9. Admitted.

10. Admitted.

11. Defendant admits that on January 16, 2009, the Court authorized going out of business sales at the Stores pursuant to the Agency Agreement. Defendant lacks sufficient information regarding the remaining allegations of Paragraph 17. Therefore, Defendant denies those allegations and demand strict proof thereof.

12. Defendant admits that on August 9, 2010, the Debtors and the Creditors' Committee filed a Second Amended Joint Plan of Liquidation.

13. Admitted.

14. Defendant admits that the Plan became effective for the consolidated debtors on November 1, 2010.

15. Admitted.

16. Defendant denies the allegations of Paragraph 16 as stated. Circuit City and Defendant (doing business as The Florida Times-Union) had an ongoing business relationship, which was established prior to May 22, 2008. In May 2008, Circuit City and Defendant (doing business as The Florida Times-Union) entered into an Advertising Revenue Contract for the period of April 1, 2008 to March 31, 2009.

17. Admitted.

18. Admitted.

19. Defendant lacks sufficient information to admit or deny the allegations of Paragraph 19. Therefore, Defendant denies those allegations and demands strict proof thereof.

20. Defendant admits that on December 15, 2008, an administrative priority claim for $23,630.52 was filed on behalf of Defendant, which has been designated claim no. 1074.

21. Admitted.

22. Defendant admits that on January 26, 2009, a general unsecured, non-priority claim was filed on behalf of Defendant, which has been designated claim no. 5904.

23. Admitted.

24. Admitted.

25. Admitted.

26. Paragraph 26 does not contain any allegations requiring a response.

## COUNT I

27. Defendant's foregoing answers are incorporated by reference.

28. Paragraph 28 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 28 are denied and Defendant demands strict proof thereof.

29. Paragraph 29 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 29 are denied and Defendant demands strict proof thereof.

30. Paragraph 30 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 30 are denied and Defendant demands strict proof thereof.

31. Defendant admits that the transfers identified in Exhibit A were made during the 90-day period before Circuit City commenced its bankruptcy actions.

32. Paragraph 32 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, Defendant lacks sufficient information to admit or deny the allegations of Paragraph 32. Therefore, Defendant denies those allegations and demands strict proof thereof.

33. Paragraph 33 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 33 are denied and Defendant demands strict proof thereof.

34. Denied.

## COUNT II

35. Defendant's foregoing answers are incorporated by reference.

36. Paragraph 36 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 36 are denied and Defendant demands strict proof thereof.

37. Paragraph 37 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 37 are denied and Defendant demands strict proof thereof.

38. Paragraph 38 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 38 are denied and Defendant demands strict proof thereof.

## COUNT III

39. Defendant's foregoing answers are incorporated by reference.

40. Admitted.

41. Denied.

42. Paragraph 42 constitutes the Trustee's legal conclusions for which no response is required. To the extent a response is required, the allegations of Paragraph 42 are denied and Defendant demands strict proof thereof.

## COUNT IV

43. Defendant's foregoing answers are incorporated by reference.

44. Admitted.

45. Admitted.

## PRAYER FOR RELIEF

i. Defendant denies that the Trustee is entitled to avoid and recover any amount paid to Defendant including the Preferential Transfers identified in the Complaint.

ii. Defendant denies that Claim No. 5904 should be disallowed for any reason.

iii. Defendant admits that General Unsecured Claim No. 1074 should be disallowed as it does not correspond to Defendant's records and appears to have been made in error.

iv. Defendant denies that the Trustee is entitled to prejudgment interest.

v. Defendant denies that the Trustee is entitled to costs and expenses of this suit.

vi. Defendant denies that the Trustee is entitled to any other relief.

## AFFIRMATIVE DEFENSES

1. Any allegations included in the Complaint not explicitly admitted are hereby denied.

2. Defendant asserts that all transfers identified in the Complaint as "Preferential Transfers" constitute Ordinary Course Transfers under 11 U.S.C. § 547(c)(2).

3. Defendant asserts that to the extent any transfer is deemed avoidable, Claim No. 5904 constitutes Subsequent New Value under 11 U.S.C. § 547(c)(4) and should offset any amounts to be avoided.

Dated: February 11, 2011                    Respectfully submitted,


                                            /s/ Troy Savenko
                                            Troy Savenko, Esq. (Va. Bar No. 44516)
                                            GREGORY KAPLAN, PLC
                                            7 East Second Street
                                            P.O. Box 2470
                                            Richmond, VA 23224
                                            Telephone: (804) 423-7921
                                            Facsimile:  (804) 230-0024

                                            - and -

                                            Charles M. Allen, Esq. (VA Bar No. 30183)
                                            William F. Demarest III, Esq. (VA Bar No. 78428)
                                            GOODMAN, ALLEN & FILETTI, PLLC
                                            4501 Highwoods Parkway, Suite 210
                                            Glen Allen, Virginia 23060
                                            Telephone: (804) 346-0600
                                            Facsimile:  (804) 346-5954

                                            *Counsel for Morris Publishing Group, LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 11, 2011, I caused a copy of the foregoing to be served by electronic mail upon counsel for the Plaintiff.


                                          /s/ Troy Savenko
                                          Counsel